# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ROCHELLE TOMLIN, as PARENT and NATURAL GUARDIAN of M.B., a minor,

Plaintiff,

v.

ROBLOX CORPORATION, EPIC GAMES, INC., MICROSOFT CORPORATION, and JOHN DOES 1-50,

Defendants.

Civil Action No. 2:25-CV-04301-MRP

Judge: Hon. Mia Roberts Perez

**DECLARATION OF KENNETH J. MOYLE, JR.**

**I. Background**

I, Kenneth J. Moyle, Jr., declare as follows:

1. I am over the age of eighteen and competent to make this declaration. I make this declaration based on my personal knowledge, professional experience, and review of materials described below. If called as a witness, I could and would testify competently to the matters stated herein.
2. I am the Managing Director of K6 Partners LLC ("K6 Partners"), a consulting firm based in Bellevue, Washington. K6 Partners provides advisory services to businesses undergoing digital transformation, including the conversion of paper-based processes into electronic and online workflows.
3. Throughout my career, I have focused on the design, evaluation, and operation of electronic acceptance, electronic signature, and digital transaction systems. My work has involved

assessing how acceptance events are generated, recorded, and attributed, and how businesses manage operational risk associated with electronic consent.

## II. Qualifications

4. My qualifications for forming the opinions expressed in this declaration are based on my professional experience in the electronic signature software industry, my work in private- and public-sector policy matters relating to electronic transactions and digital identity, and my consulting practice advising companies on electronic acceptance systems. I have no personal interest in this litigation or its outcome.
5. I am a lawyer by training and have practiced as in-house counsel at software companies since 1999, including Onyx Software (NASDAQ: ONXS), Askme Corp., Insightful Corp. (NASDAQ: IFUL), DocuSign, Inc. (NASDAQ: DOCU) ("DocuSign"), and Dragonchain, Inc. In those roles, I advised on issues related to electronic transactions, online agreements, and digital consent processes.
6. For nine years, I served as General Counsel and Chief Legal Officer of DocuSign. In that role, I advised on product and policy decisions affecting the operation and integrity of electronic signature workflows. I authored articles, blog posts, and book chapters addressing electronic signature practices and regularly lectured on these topics at industry conferences and consortia.
7. From 2007 to 2016, I served as a board member of the Electronic Signature & Records Association (ESRA), a Washington, D.C.–based trade organization focused on adoption of digital transactions. I served as Chairman in 2012 and established ESRA's public policy

committee to address legislative and regulatory issues affecting electronic signatures and records. I later continued managing that committee as a consultant through 2019.

8. At K6 Partners, I was routinely retained to advise on or evaluate electronic signature and electronic acceptance processes, including auditing lending and transactional systems under the published Standards and Procedures for Electronic Records and Signatures (SPeRS). I have also been engaged to independently assess electronic signature software and to educate legal and compliance professionals on electronic transaction practices.

## III. Nature, Scope, and Methodology of My Opinions

9. Although I am a lawyer by training, I do not offer legal opinions in this declaration. I do not opine on contract formation, enforceability, arbitration, or compliance with any statute, regulation, or judicial decision.

10. My opinions are based on my experience evaluating electronic acceptance systems from an operational and industry-practice perspective. In forming my opinions here, I applied the same methodology I use in non-litigation consulting engagements, including:

• reviewing described user-facing workflows;

• identifying what information the system records at acceptance;

• assessing whether those records reasonably identify the individual performing the action; and

• comparing those practices to commonly used approaches in comparable industries.

11. This methodology has been applied repeatedly over many years across numerous platforms and industries and is commonly relied upon by businesses to evaluate electronic consent risk outside of litigation.

## IV. Materials Reviewed and Scope of Assignment

12. I have reviewed Exhibits 1-9 of Defendant's Motion to Compel Plaintiff to Arbitration and Stay Proceedings, and the Declaration of Ronita Jit, describing Roblox Corporation's account creation processes, presentation and acceptance of Terms of Use, virtual currency purchase workflows, and gift card redemption processes (the "Jit Declaration").[1] I have not reviewed Roblox's internal source code, backend logs, or proprietary system documentation.

## V. Industry Baseline for Attributing Electronic Acceptance

13. Based on my experience, there are widely accepted baseline practices for attributing an electronic acceptance event—sometimes referred to operationally as an electronic signature—to a specific individual.

14. At a minimum, systems intended to support reliable attribution ordinarily maintain records showing the date and time of acceptance, the version of terms presented, the method of acceptance, and technical context sufficient to connect the event to an identifiable user.[2] Importantly, the presence of detailed system logs, timestamps, or acceptance records does not, by itself, satisfy this industry baseline. Such records establish that an acceptance event occurred, but they do not resolve the separate and critical question of who performed the acceptance action unless the system includes controls that link the event to an authenticated, identifiable individual.

---

[1] Declaration of Ronita Jit, filed November 19, 2025, Document 39-1, generally.

[2] *See* e.g. SPeRS Standard 4-5. ATTRIBUTING A SIGNATURE, Elec. Fin. Servs. Council, Standards and Procedures for electronic Records and Signatures (SPeRS) (ver. 3.0, 2016).

15. These practices were developed following the promulgation of the Uniform Electronic Transactions Act ("UETA") and the subsequent enactment of the federal Electronic Signatures in Global and National Commerce Act ("ESIGN"), emphasizing attribution and record integrity as foundational concepts. I refer to those statutes only as background for industry practice, not to offer legal conclusions.

## VI. Lack of Detail Regarding Alleged Acceptance Events

16. The Jit Declaration asserts that the Account agreed to multiple versions of the Terms of Use over time, but it does not provide detailed records identifying when or how those acceptance events occurred.[3]

17. The declaration does not include timestamps, IP addresses, device or session identifiers, or audit logs tying any alleged acceptance to a specific interaction.

18. From an electronic contracting perspective, the absence of this information makes it impossible to independently evaluate whether an acceptance event occurred or whether it can be attributed to a particular individual. In my experience, such information is ordinarily available where reliable acceptance systems exist.

## VII. Account-Level Activity and Identity Ambiguity

19. Throughout the Jit Declaration, actions are consistently attributed to "the Account," rather than to a specific user, parent, or adult.[4]

20. From a systems-design standpoint, this language reflects that Roblox's records track activity at the account level, not at the level of an identified individual.

[3] Declaration of Ronita Jit, *supra*, ¶¶ 9–13.
[4] Id. ¶¶ 18-19.

21. The repeated use of "the Account" indicates that Roblox does not know who was behind the account at the time of each action.

**VIII. Verification Processes and Missing Documentation**

22. The Jit Declaration describes user-facing disclosures and click-through prompts, but it does not describe the internal verification processes used to attribute acceptance events to individuals.[5]

23. The declaration does not explain how Roblox verifies who is logged into an account at the moment of acceptance, distinguishes between minors and adults, or prevents or detects account sharing in connection with acceptance events.

24. From an industry perspective, these details are essential to evaluating the reliability of an electronic acceptance process. Their absence would typically warrant further technical discovery or system review.

**IX. Qualifications of Roblox's Declarant**

25. The Jit Declaration is submitted by Ronita Jit, identified as a Senior Paralegal in Litigation and Legal Operations, whose familiarity with the systems is described as arising from litigation support and record review.[6]

26. Based on that description, Ms. Jit does not appear to have technical or operational expertise in electronic signature systems, identity attribution, or acceptance workflow design.

[5] Id. ¶¶ 14–19 and accompanying screenshots.
[6] Id. ¶ 1.

27. In my experience, assessing the adequacy of electronic acceptance processes requires specialized knowledge of system architecture, authentication controls, and audit logging, which is distinct from litigation support functions.

**X. Alternative Measures Commonly Used in Industry**

28. Based on my experience, Roblox could have implemented alternative measures to materially improve attribution of electronic acceptance, including requiring re-authentication at acceptance, binding acceptance to verified adult profiles, maintaining detailed acceptance audit logs, or implementing separate acceptance flows for minors and parents.

29. These measures are commonly used in consumer platforms, including gaming and subscription services, where shared devices and minor users are anticipated.

**XI. Opinion**

30. Based on my application of the methodology described above, my review of the Jit Declaration, and my professional experience, it is my opinion that Roblox has not demonstrated the existence of reliable, industry-standard processes for attributing electronic acceptance of its Terms of Use to a specific individual.

31. The lack of detailed acceptance records, the absence of documented verification processes, and the account-level framing of user activity prevent reliable attribution of acceptance to any particular person.

**Declaration**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 29 **, 2026**, at Riverside, CA.

DocuSigned by:
0BBC6CAAB5024F7...
Kenneth J. Moyle, Jr.

docusign

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: 6214D1AE-9314-4010-AD3D-711C8DC18768 | | Status: Completed |
| Subject: Complete with Docusign: DECLARATION OF KENNETH J MOYLE (ROBLOX_MICRSOFT_EPIC GAMES).pdf | | |
| Role 1: | | |
| Source Envelope: | | |
| Document Pages: 25 | Signatures: 3 | Envelope Originator: |
| Certificate Pages: 4 | Initials: 0 | Cassandra Guidetti |
| AutoNav: Enabled | | 123 Justison Street |
| EnvelopeId Stamping: Enabled | | Wilmington, DE 19801 |
| Time Zone: (UTC-05:00) Eastern Time (US & Canada) | | cguidetti@gelaw.com |
| | | IP Address: 160.72.48.114 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>1/29/2026 3:35:46 PM | Holder: Cassandra Guidetti<br>cguidetti@gelaw.com | Location: DocuSign |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Ken Moyle<br>kenmo@k6partners.com<br>Managing Director, K6 Partners LLC<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: Drawn on Device<br>Using IP Address:<br>2603:8001:d13f:c8e5:497a:7a9f:25e6:f09a | Sent: 1/29/2026 3:38:00 PM<br>Viewed: 1/29/2026 3:43:54 PM<br>Signed: 1/29/2026 3:45:28 PM |



**Electronic Record and Signature Disclosure:**
Accepted: 1/29/2026 3:43:54 PM
ID: 424a60d0-153d-4596-b214-fe1351229e8a

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 1/29/2026 3:38:00 PM |
| Certified Delivered | Security Checked | 1/29/2026 3:43:54 PM |
| Signing Complete | Security Checked | 1/29/2026 3:45:28 PM |
| Completed | Security Checked | 1/29/2026 3:45:28 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

## Electronic Record and Signature Disclosure