# EXHIBIT "C"

**SUPERIOR COURT OF SAN MATEO COUNTY**

400 County Center
Redwood City, CA 94063

1050 Mission Road
South San Francisco, CA 94080

800 North Humboldt Street
San Mateo, CA 94401

www.sanmateo.courts.ca.gov

# Minute Order

**JOHN DOE, A MINOR, REPRESENTED BY HIS PROPOSED COURT-APPOINTED GUARDIAN AD LITEM, et al vs. Roblox Corporation, et al**

25-CIV-01193

08/15/2025 9:00 AM
Motion / Petition to Compel Arbitration
**Hearing Result**: Held

**Judicial Officer:** Finigan, Jeffrey R.
**Courtroom Clerk**: Erica Boffi
**Location**: Courtroom G
**Courtroom Reporter:** Lorna Traube

**Parties Present**

**Exhibits**

**Minutes**

*Case Events*

- Matter is called at: 9:26 AM

- No appearance by any parties or their counsel of record.

- Tentative ruling adopted and becomes order:

On June 12, 2025, this Court issued a tentative ruling on Defendant Discord, Inc.'s Petition to Compel Arbitration. The oral argument on that ruling had to be continued. In the interim, Plaintiff's counsel requested permission to file a supplemental brief on the issue of whether the EFAA also precludes enforcement of the arbitration agreement at issue herein. Permission was granted and the parties submitted their respective supplemental briefs. Having considered all of the briefing, the Court adopts and restates below its tentative ruling from June 12, 2025. Following that ruling, the Court addresses the added EFAA argument.

Defendant Discord, Inc.'s ("Discord") "Petition to Compel Arbitration," is **DENIED without prejudice**. (CCP §1281.2 et. seq.)

Plaintiff describes Discord as a "communications app that allows users to chat over voice, video, and text messaging." (Complaint, ¶ 136.) The Complaint alleges that in 2023, "Plaintiff's father helped Plaintiff create a Discord account" using Discord's mobile application. (¶¶ 212-217.) Plaintiff was thereafter contacted by a "child predator" on Discord's platform, who engaged in behavior harmful to Plaintiff. (Complaint, ¶ 3.) Those particular details are irrelevant to the non-EFAA portion of this Motion. Plaintiff asserts claims against Discord (and co-defendant Roblox) for intentional misrepresentation, negligence, and strict liability.

Discord moves to compel arbitration of Plaintiff's asserted claims pursuant to Discord's "Terms

of Service" ("TOS"), which Discord contends Plaintiff and his father agreed to when the Discord account at issue was established. The TOS contains an Arbitration Agreement, which in turn contains a delegation clause, which Discord contends requires that certain threshold issues be decided by an arbitrator rather than by the court.

Plaintiff opposes the Motion on two grounds: (1) Plaintiff's father lacked the authority to bind Plaintiff, who is a minor, to this type of contract; and (2) assuming Plaintiff's father could bind Plaintiff, Plaintiff nevertheless disaffirmed it, pursuant to Fam. C. § 6710 ("Except as otherwise provided by statute, a contract of a minor may be disaffirmed by the minor before majority or within a reasonable time afterwards …")

Discord's Motion asserts "Plaintiff's father set up the Discord account for [Plaintiff] in 2023" and that "Plaintiff and his father agreed to be bound by Discord's Terms of Service." (Motion at p. 1.) The only evidence related to the creation of the Discord account offered with the Motion comes from Nicholas Reynolds, Discord's Director of Engineering. He establishes that the Discord account associated with Plaintiff was created on April 29, 2023, via an iPhone. (Reynolds Decl. ¶5.) There is no further information regarding to whom the iPhone belonged. A copy of the "account creation page" is attached to Reynolds' Declaration. (*Id.*, ¶6, Exh. A.) That page instructs the applicant to "enter your birthday" and the birthday entered was that of a 13 year old, though it is unclear whether it is Plaintiff's birthday. (*Ibid.*, emphasis added.) In creating the account, Plaintiff agreed to Discord's TOS, which contained an arbitration clause, which, in turn, contained a delegation clause. (*Id.*, at ¶7, Exh. B.) The TOS also included the following language:

> If you are old enough to access our services in your country, but not old enough to have authority to consent to our terms, your parent or legal guardian must agree to our terms on your behalf. Please ask your parent or legal guardian to read these terms with you. If you're a parent or legal guardian, and you allow your child (who meets the minimum age for your country) to use the services, then these terms also apply to you and you're responsible for your child's activity on the services, including purchases made by them.

(Reynolds Decl. ¶7, Exh. B, emphasis added.) The TOS also note that the customer must provide "a way of contacting you (such as an email address and/or phone number)." (*Ibid.*, under "Your Discord account" section.) Nevertheless, there is no evidence of the contact information for Plaintiff's account.

As further support for its Motion, Discord relies on the Complaint. (Motion at p. 2, citing Complaint ¶¶ 212 – 218.) Plaintiff asked his father for permission to create a Discord account and Plaintiff's father thereafter reviewed Discord's website. (Complaint ¶¶ 212 – 216.) Notably, the Complaint does not state that Plaintiff's father ever reviewed Discord's TOS. Plaintiff's father then "allowed Plaintiff to use Discord." (Complaint ¶217.) Plaintiff's father "helped Plaintiff create a Discord account." (Complaint ¶218.)

The only evidence offered with Plaintiff's Opposition is Plaintiff's disaffirmance letter. (Murphy Decl. ¶4, Exh. A.) Plaintiff's Opposition reiterates the Complaint by stating Plaintiff's "father helped [Plaintiff] create his account." (Opposition at p. 1.) Plaintiff concedes his father created his Roblox account for him, but with respect to the Discord account, the Opposition merely states Plaintiff asked his parents for permission "if he could create an account on Discord's platform" and his "parents agreed." (Opposition at p. 2.)

Discord offers no further evidence in reply, but maintains that "Plaintiff's father set up Plaintiff's Discord account in 2023" and "Plaintiff and his father set up Plaintiff's Discord account together." (Reply at p. 5.) Discord makes additional assumptions in its reply: "Plaintiff himself participated in the creation of his account," and "Plaintiff must have given his father authority to enter into an agreement with

Discord." (Reply at p. 9.) "Plaintiff admits his father's role in creating the Discord account on his behalf." (Reply at p. 12.) All of these statements are speculation unsupported by evidence or anything in the Complaint. Discord's Reply also states: "Here, Plaintiff is not arguing that he never entered into an agreement to arbitrate (Step 1). Indeed, by seeking to disaffirm, Plaintiff concedes that he did enter into an agreement to arbitrate. (Opp. at 8-9.)" (Reply at p. 7.) Actually, Plaintiff makes no such unequivocal concession because Plaintiff's Notice stated that Plaintiff disaffirmed "any written contract I may have entered at any time." (Murphy Decl., Exh. A, emphasis added.)

Discord has the initial burden of proof. "[W]hen a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists … Because the existence of the agreement is a statutory prerequisite to granting the petition, the petitioner bears the burden of proving its existence by a preponderance of the evidence." (CCP §§ 1281.2, 1290.2; *Rosenthal v. Great Western Financial Securities Corporation,* (1996) 14 Cal.4th 394, 413.) Where the moving party contends that an agent of a party has signed the arbitration agreement for the party, the agency determination is part of the moving party's initial burden to show … with evidence … a valid agreement. (*Kinder v. Capistrano Beach Care Center, LLC* (2023) 91 Cal.App.5th 804, 814-816.) The Court understands the parent/child relationship involved here differs from traditional agency circumstances, but the aforementioned general tenet still seems applicable here. Thus, the Court, not an arbitrator, must decide whether Plaintiff and Discord entered into an agreement to arbitrate.

Discord appears to argue that because the arbitration agreement includes a delegation clause, all threshold issues must be decided by an arbitrator rather than the Court. Discord's Arbitration Agreement contains a delegation clause, stating, in part:

> Except as explicitly set forth in this arbitration section, the arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability or formation of these terms of service, including, but not limited to any claim that all or any part of these terms of service are void or voidable, whether a claim is subject to arbitration, and any dispute regarding the payment of AAA or arbitrator fees (including the timing of such payments and remedies for nonpayment).

(Reynolds Decl., Exh. B.) Arbitration is a matter of agreement. A court cannot compel Plaintiff to arbitrate (or delegate issues to an arbitrator) unless Plaintiff (either personally, or through someone capable of binding Plaintiff) has agreed to do so. A delegation clause in an arbitration agreement is irrelevant if the party opposing a motion to compel arbitration never agreed to arbitrate (or to delegate anything) in the first place. (*Theresa D. v. MBK Senior Living LLC*, (2021) 73 Cal.App.5th 18, pp. 25-27.) As the court in *Theresa D.* explained:

> … here, the question is simply whether plaintiff entered at all into the arbitration agreement of which the delegation clause is a part. In the absence of an agreement, made either directly by plaintiff or by one capable of binding [plaintiff] to arbitration, there would be no basis to require plaintiff to submit *any* issue to the arbitrator. We therefore conclude the initial determination of whether [plaintiff's daughter] was authorized to agree to arbitration on plaintiff's behalf is one for the court, not the arbitrator.

(*Theresa D.*, *supra*, at 27.) Therefore, when a party seeks to compel arbitration, the *trial court*—not the arbitrator—must initially determine in a summary proceeding whether an agreement to arbitrate exists. (CCP §§ 1281.2 and 1290.2; *Rosenthal, supra.*)

Discord has not shown with sufficient specificity exactly who agreed with Discord's Terms and how. The parties seem to (at least tacitly) agree that a Discord account was formed in 2023, by virtue of

someone clicking through Discord's online Terms to open the account. But that is where the parties diverge, and the evidence Discord offers relating to the account in question is minimal to none. The burden is on Discord to establish exactly who its contract is with if Discord wishes to enforce the arbitration provision therein. Discord has not met that burden at this point in time, and by failing to do so, there is no basis upon which to grant the motion at this time.

Based on the authority cited by the parties, who created the account, and how and in whose name the account was created, may matter. Assuming the contract was with Plaintiff alone, the law suggests that Plaintiff may be entitled to disaffirm it. (*J.R. v. Electronic Arts Inc.* (2024) 98 Cal.App.5th 1107). Discord's dismissal of the *J.R.* decision, absent a more developed evidentiary basis, is not compelling. (Reply at p. 8.) That issue may be less clear if Plaintiff's father played a significant role in setting up the account on Plaintiff's behalf. (*Hohe v. San Diego Unified* (1990) 224 Cal.App.3d 1559.) The record contains insufficient evidence for the Court to perform the required analysis. Because the burden is Discord's to establish those facts, and because the Court cannot find that Discord prevails regardless of the manner in which the contract was formed, the motion must be denied.

Discord seems to argue that no matter how this contract was entered into, Discord prevails. The Court is not so certain. Discord has no evidence regarding exactly how this contract was reviewed and who entered into it. It seems to be agreed and a reasonable inference for the Court to draw that the account belonged to Plaintiff. However, the Court is not able, based on this record, to say with sufficient confidence/clarity exactly how the contract establishing that account was formed. Again, it seems clear the account was established via a single iPhone. Was that Plaintiff's iPhone or his father's? Did the father go through the steps on the iPhone to finalize the account or did he simply investigate the safety of Discord and then give Plaintiff permission to enter into the contract on the iPhone?

Discord seems to have brought this Motion before conducting pertinent discovery, e.g. written or perhaps deposing Plaintiff's father, to determine exactly how this contract was formed. Maybe such discovery has occurred, but there is no such indication in the record before the Court on this Motion. If Discord wants to use this "click through" format without any additional verification related to exactly who is controlling the process on the customer's end, then they do so at their own peril. If Discord wants to enforce a contract against the Plaintiff, who is the only party to this lawsuit, then Discord must show, under these unique circumstances, how the contract was entered into.

This is neither a criticism of this practice nor a finding that it can never suffice to establish the existence of an enforceable contract, including its arbitration provisions. Nevertheless, the details of the formation of the contract at issue here matter, and the Court should not have to guess or speculate about this threshold fact. The law related to the issue of whether Plaintiff's father can bind him to such a contract is potentially open to interpretation under the unique circumstances of this case and the Court needs evidence, instead of the parties' various assumptions and arguments, to properly conduct that analysis. Further, should this case advance beyond this Court to the District Court of Appeal, they need a fully developed record as well.

Although the Motion is denied, as noted, further discovery on this issue could potentially develop the record. Accordingly, the denial is without prejudice at this time.

Next, Plaintiff adds an argument that, based on newly discovered facts and developments in the related criminal case against the sexual predator (Romero) who targeted Plaintiff, the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA) at 9 U.S.C. § 402 stands as a bar to arbitration. (Plaintiff's Supplemental Brief at p. 1.) Plaintiff's argument is based solely on an alleged sexual assault and not harassment. (*Id.*, at p. 3.) He acknowledges his burden of proof to "plead non frivolous claims relating to sexual assault." (*Ibid.*, citing *Diaz-Roa v. Hermes Law, P.C.* (S.D.N.Y. 2024) 757

F.Supp.3d 498, 533, emphasis added.) Plaintiff claims to have met this burden of proof by virtue of the arrest warrant underlying Romero's case, and Romero's plea to a statute describing coerced masturbation. (Pl. Supp. Brief at p. 2, Huyett Decl. ¶6, Exhs. B and C.) Discord contends Plaintiff cannot meet his burden of proof because his Complaint contains none of the current allegations related to coerced masturbation Plaintiff relies on in support of his EFAA argument. (Defendant Supplemental Brief at p. 2.) The Court agrees with Discord that Plaintiff has not pled any conduct in the current Complaint that would bring it within the EFAA. "The Court must first determine whether the plaintiff alleges conduct constituting a sexual harassment [or assault] dispute, so as to come within the EFAA and then decides whether the EFAA makes the arbitration agreement unenforceable as to the entirety of the [complaint]'s claims." (*Ding v. Structure Therapeutics, Inc.,* (N.D. Cal. 2025) 765 F. Supp. 3d 897, 899, internal citation omitted.) Further, "the EFAA speaks to "allegations," *i.e.* the content of a pleading." (*Diaz-Roa, supra*, at p. 535.) Accordingly, evidence beyond the Complaint and counsel's statements in briefs do not qualify.

It is also noteworthy that neither Plaintiff nor Defendant focus on the fact that the charging language for the offense Romero pled to includes the phrase: "or the simulation of such an act." (Pl. Supp. Brief at p. 2, citing Huyett Decl. Exh. B.) This is not an insignificant technicality for purposes of Plaintiff's burden of proof because a "simulation" of the alleged conduct would not qualify under the EFAA. There is no evidence of what Romero actually admitted to and the statute he apparently pled to violating encompasses at least one category of conduct not covered by the EFAA. Thus, on this record, even if the Court could consider Plaintiff's evidence beyond the Complaint, it would not suffice.

If the tentative ruling is uncontested, it shall become the order of the Court. Thereafter, counsel for Defendant shall prepare a written order consistent with the Court's ruling for the Court's signature, pursuant to CRC rule 3.1312, and provide written notice of the ruling to all parties who have appeared in the action, as required by law and the CRC. The Court alerts the parties to revised Local Rule 3.403(b)(iv) regarding the wording of proposed orders. The order should be efiled only, as that is the way it will get to the Court for signature. Do not submit a hard copy of the order to the Court.

---

**Others**

*Comments:*

---

**Future Hearings and Vacated Hearings**

Rescheduled: August 15, 2025 9:00 AM Trial Preferences
Reason: Court's motion
Traube, Lorna
Boffi, Erica
Finigan, Jeffrey R.
Courtroom G

Canceled: August 15, 2025 9:00 AM Application to Appear as Counsel Pro Hac Vice
Reason: Canceled as the result of a hearing cancel, Hearing Canceled Reason: Vacated
Traube, Lorna
Boffi, Erica
Finigan, Jeffrey R.
Courtroom G

Rescheduled: August 15, 2025 9:00 AM Motion to Stay
Reason: Court's motion
Traube, Lorna

Boffi, Erica
Finigan, Jeffrey R.
Courtroom G

Canceled: August 29, 2025 9:00 AM Application to Appear as Counsel Pro Hac Vice
Reason: Canceled as the result of a hearing cancel, Hearing Canceled Reason: Vacated
Boffi, Erica
Finigan, Jeffrey R.
Courtroom G

September 05, 2025 9:00 AM Motion / Petition to Compel Arbitration
Boffi, Erica
Finigan, Jeffrey R.
Courtroom G

Canceled: September 05, 2025 9:00 AM Motion to Seal
Reason: Canceled as the result of a hearing cancel, Hearing Canceled Reason: Vacated
Boffi, Erica
Finigan, Jeffrey R.
Courtroom G

Canceled: September 05, 2025 9:00 AM Motion to Seal
Reason: Canceled as the result of a hearing cancel, Hearing Canceled Reason: Vacated
Boffi, Erica
Finigan, Jeffrey R.
Courtroom G

Rescheduled: September 15, 2025 9:00 AM Case Management Conference
Reason: Calendar Redistribution
Davis, III, Leland
Courtroom G

Rescheduled: September 15, 2025 9:00 AM Case Management Conference
Reason: Court's motion
Davis, III, Leland
Courtroom G

Canceled: September 15, 2025 9:00 AM Case Management Conference
Reason: Canceled as the result of a hearing cancel, Hearing Canceled Reason: Vacated
Elliott, Timothy E.
Courtroom H
Coronel, Maria

October 10, 2025 9:00 AM Hearing on Demurrer
Boffi, Erica
Finigan, Jeffrey R.
Courtroom G

October 10, 2025 9:00 AM Hearing on Demurrer
Boffi, Erica
Finigan, Jeffrey R.
Courtroom G

Canceled: October 10, 2025 9:00 AM Application to Appear as Counsel Pro Hac Vice
Reason: Canceled as the result of a hearing cancel, Hearing Canceled Reason: Vacated
Boffi, Erica
Finigan, Jeffrey R.
Courtroom G

October 10, 2025 9:00 AM Application to Appear as Counsel Pro Hac Vice
Boffi, Erica
Finigan, Jeffrey R.
Courtroom G

January 16, 2026 9:00 AM Trial Preferences
Finigan, Jeffrey R.
Courtroom H