**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ROCHELLE TOMLIN, as PARENT and
NATURAL GUARDIAN of M.B., a minor,

      Plaintiff,

      v.

ROBLOX CORPORATION, EPIC GAMES,
INC., MICROSOFT CORPORATION, and
JOHN DOES 1-50,

      Defendants.

Case No. 2:25-cv-04301
Hon. Mia Roberts Perez

**DEFENDANT MICROSOFT CORPORATION'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO CERTIFY THE ORDER GRANTING DEFENDANTS'
<u>MOTION TO COMPEL ARBITRATION FOR APPEAL</u>**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

    A.    Plaintiff's Questions Are Not Controlling. ........................................................................ 3

    B.    Plaintiff Identifies No Substantial Ground for Difference of Opinion. ............................. 6

    C.    Interlocutory Appeal Would Delay, Not Materially Advance, the Termination of the Litigation. ........................................................................................................................ 8

CONCLUSION ............................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apicella v. Valley Forge Mil. Acad. & Junior Coll.*,
630 F. Supp. 20 (E.D. Pa. 1985) ...............................................................................................12

*Arthur Andersen LLP v. Carlisle*,
556 U.S. 624 (2009)..................................................................................................................12

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011)..................................................................................................................12

*Bachowski v. Usery*,
545 F.2d 363 (3d Cir. 1976).....................................................................................................12

*Buckmire v. LaserShip, Inc.*,
2023 WL 2010766 (E.D. Va. Feb. 9, 2023)..............................................................................12

*Car Sense, Inc. v. Signet Fin. Grp., Inc.*,
2012 WL 13014940 (E.D. Pa. Nov. 1, 2012) ...........................................................................12

*Caterpillar Inc. v. Lewis*,
519 U.S. 61 (1996)......................................................................................................................2

*In re Chocolate Confectionary Antitrust Litig.*,
607 F. Supp. 2d 701 (M.D. Pa. 2009) ......................................................................................12

*Commonwealth Ins. Co. v. Underwriters, Inc.*,
846 F.2d 196 (3d Cir. 1988).....................................................................................................12

*Crespo v. Skillsoft (US) LLC*,
2025 WL 3771056 (D.N.J. Dec. 31, 2025) ..............................................................................12

*Katz v. Carte Blanche Corp.*,
496 F.2d 747 (3d Cir. 1974).....................................................................................................12

*Kindred Nursing Centers Ltd. Partnership v. Clark*,
581 U.S. 246 (2017)..................................................................................................................12

*Knipe v. SmithKline Beecham*,
583 F. Supp. 2d 553 (E.D. Pa. 2008) .......................................................................................12

*Lloyd v. HOVENSA, LLC*,
369 F.3d 263 (3d Cir. 2004)......................................................................................................12

*Marmet Health Care Center, Inc. v. Brown*,
565 U.S. 530 (2012)..................................................................................................12

*Moore v. Johnson & Johnson*,
2013 WL 5298573 (E.D. Pa. Sep. 20, 2013) ........................................................2

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983).....................................................................................................12

*N.Y.C. Health & Hosps. Corp. v. Blum*,
678 F.2d 392 (2d Cir. 1982)...................................................................................12

*U.S. ex rel. Nevyas v. Allergan, Inc.*,
2015 WL 4064629 (E.D. Pa. July 2, 2015)........................................................2, 12

*Piazza v. Major League Baseball*,
836 F. Supp. 269 (E.D. Pa. 1993) ..........................................................................12

*In re Processed Egg Prods. Antitrust Litig.*,
2017 WL 4416203 (E.D. Pa. Sep. 29, 2017) .........................................................12

*Com. ex rel. Rothman v. Rothman*,
223 A.2d 919 (Pa. Super. Ct. 1966).......................................................................12

*Santiago v. Philly Trampoline Park, LLC*,
343 A.3d 995 (Pa. 2025)......................................................................................1, 12

*Simmons by Grenell v. Parkette Nat. Gymnastic Training Ctr.*,
670 F. Supp. 140 (E.D. Pa. 1987) ..........................................................................12

*Smith v. The Equitable*,
209 F.3d 268 (3d Cir. 2000).....................................................................................12

*Smith v. Ostrander*,
2023 WL 2497859 (D.V.I. Mar. 14, 2023).............................................................12

*Spahr v. Secco*,
330 F.3d 1266 (10th Cir. 2003) ...............................................................................12

*Swartz v. ESPN Inc.*,
2026 WL 1507403 (M.D. Pa. May 29, 2026)..........................................................12

*Tomlin v. Roblox Corp.*, *et al.*,
2026 WL 1412606 (E.D. Pa. May 20, 2026)..................................................1, 2, 12

*Tractenberg v. Citigroup Inc.*,
2011 WL 6747429 (E.D. Pa. Dec. 22, 2011)..........................................................12

*Troshak v. Terminix Int'l Co., L.P.*,
  1998 WL 401693 (E.D. Pa. July 2, 1998)..................................................................................12

*Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*,
  561 F. App'x 131 (3d Cir. 2014) ...............................................................................................12

*W.F. v. Camp Lohikan, Inc.*,
  2026 WL 483644 (M.D. Pa. Feb. 20, 2026) .............................................................................12

*Wyeth v. Sandoz, Inc.*,
  703 F. Supp. 2d 508 (E.D.N.C. 2010)........................................................................................12

**Statutes**

28 U.S.C. § 1292(b) .........................................................................................................................1, 12

Federal Arbitration Act, 9 U.S.C. § 16(b)(2)...........................................................................1, 2, 12

**INTRODUCTION**

In its May 20, 2026 Order granting Microsoft's motion to compel arbitration, the Court concluded that M.B. and Tomlin must arbitrate M.B.'s claims against Microsoft on multiple independently dispositive grounds. The Court held that M.B. directly assented to the Microsoft Services Agreement ("MSA") by opening their own Microsoft and Xbox accounts, accepting the MSA's terms, and using Xbox services for years, and never disaffirmed the MSA because they continue to play Xbox long after filing this suit. The Court also held that M.B. was independently bound as a third-party beneficiary of Tomlin's agreement on M.B.'s behalf, and the Federal Arbitration Act ("FAA") preempts *Santiago v. Philly Trampoline Park, LLC*, 343 A.3d 995 (Pa. 2025) to the extent it would foreclose this finding. *See Tomlin v. Roblox Corp.*, *et al.*, 2026 WL 1412606, at *2, *10–12 (E.D. Pa. May 20, 2026). Rather than proceed to arbitration, Plaintiff disagrees with this result and asks the Court to certify its Order for appeal.

But Plaintiff is not entitled to certification because she cannot show that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion or that immediate appeal would materially advance the ultimate termination of the litigation, as 28 U.S.C. § 1292(b) demands. Most glaringly, even if all of Plaintiff's proposed questions were decided incorrectly, she would still be compelled to arbitrate with Microsoft at the conclusion of any appeal. For instance, Plaintiff's first two questions challenge the Court's alternative holding that M.B. was bound as a third-party beneficiary of Tomlin's agreement under *Santiago* and the Court's application of the FAA. However, the Court's Order also rested on independently dispositive reasons—M.B.'s direct assent to the MSA and equitable non-disaffirmance—which have nothing to do with *Santiago* or the FAA, and which Plaintiff's questions do not even touch.

Similarly, Plaintiff's third question, about whether M.B.'s capacity to contract is an issue of formation or enforceability, is relevant only for agreements that delegate enforceability to the

1

arbitrator. As the Court recognized, "Microsoft's MSA does not delegate this question," so the Court addressed capacity on the merits and the label would not alter that outcome. *Tomlin*, 2026 WL 1412606, at \*2, \*11. In short, because appeal of these questions could not change the outcome of the Court's Order—arbitration with Microsoft—none is controlling and their immediate appeal would only result in piecemeal litigation that would delay, rather than materially advance, the termination of this case.

Plaintiff also cannot show that there is any substantial ground for difference of opinion on the questions she is seeking to certify: the one post-*Santiago* decision she cites involved a forum-selection clause, not an arbitration agreement, and never even mentioned the FAA. The one capacity-to-contract decision she cites is an out-of-circuit case not even applying Pennsylvania law. A failure on any of § 1292(b)'s requirements is fatal; here Plaintiff fails to establish all three.

When Plaintiff's arguments about non-dispositive questions are stripped away, what is left is disagreement—and mere "disagreement does not warrant an interlocutory appeal." *U.S. ex rel. Nevyas v. Allergan, Inc.*, 2015 WL 4064629, at \*5 (E.D. Pa. July 2, 2015). Indeed, "[i]nterlocutory appeal should be reserved for 'exceptional cases,'" *Moore v. Johnson & Johnson*, 2013 WL 5298573, at \*9 (E.D. Pa. Sep. 20, 2013) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996)), and a litigant with a disagreement is the norm, not the exception. If Plaintiff believes the Court erred, her remedy is an appeal from final judgment—not a piecemeal one that would stall arbitration, waste the parties' and the Court's resources, and still leave M.B. bound to arbitrate the claims against Microsoft. Plaintiff's Motion should be denied.

## ARGUMENT

To obtain certification, Plaintiff has the burden of showing (A) the challenged order "involves a controlling question of law"; (B) "as to which there is substantial ground for difference of opinion"; and (C) "an immediate appeal from the order may materially advance the ultimate

2

termination of the litigation." 28 U.S.C. § 1292(b). Plaintiff must satisfy each element and failure to satisfy any one element is sufficient to defeat certification. *See Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (citation omitted). "[E]ven if the criteria are present," certification is "wholly within the discretion of the courts," and courts "should be 'mindful of the strong policy against piecemeal appeals when exercising [that] discretion.'" *In re Processed Egg Prods. Antitrust Litig.*, 2017 WL 4416203, at *1 (E.D. Pa. Sep. 29, 2017) (quoting *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976)); *Nevyas*, 2015 WL 4064629, at *2 (quotation omitted).

### A.    Plaintiff's Questions Are Not Controlling.

As a threshold matter, none of the questions Plaintiff identifies is even controlling. "An order involves a controlling question of law if either (1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) the question is 'serious to the conduct of the litigation either practically or legally.'" *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 705 (M.D. Pa. 2009) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). Plaintiff's questions cannot satisfy this standard because the Court's Order would stand regardless of how they are answered. *See Piazza v. Major League Baseball*, 836 F. Supp. 269, 270–71 (E.D. Pa. 1993) (denying certification and noting that courts should be "cautious" about certifying orders involving multiple alternative grounds); *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 525 (E.D.N.C. 2010) ("[A] question of law would not be controlling if the litigation would necessarily continue regardless of how that question were decided." (internal quotations omitted)).

That is precisely the case here as to Microsoft. The Court gave several grounds for compelling M.B. to arbitrate with Microsoft, and only one—that M.B. is bound as a third-party beneficiary of Tomlin's agreement—implicates Plaintiff's *Santiago* questions at all. The other grounds do not: the Court independently held that M.B. assented to the MSA directly, and that equitable principles of disaffirmance bound M.B. *Tomlin*, 2026 WL 1412606, at *2, *10–12.

Because those grounds independently sustain the Order, no answer to Plaintiff's three questions could disturb it.

The questions are not controlling for a second, independent reason: none of them is a question the Court actually decided. Section 1292(b) authorizes certification of a controlling question of law presented *by the order*—not a misframed question the order never reached. *E.g.*, *N.Y.C. Health & Hosps. Corp. v. Blum*, 678 F.2d 392, 396–97 (2d Cir. 1982) (vacating certification as improvidently granted and describing the appellant as "apparently asking . . . for an advisory decision" when district court did not actually decide the certified issue); *Buckmire v. LaserShip, Inc.*, 2023 WL 2010766, at *4 (E.D. Va. Feb. 9, 2023) ("Th[e] question is not 'controlling' within the meaning of 28 U.S.C. § 1292(b) [if] the Court did not decide [it]."). Take Plaintiff's first proposed question: "whether under Pennsylvania law, any contract, other than one for necessities, that is not otherwise supervised and approved by a court, binds a minor." Pl.'s Br. at 1. The Court never decided any such question. While the question gestures at the Court's application of *Santiago*, it does not describe the holding of that decision or the Court's use of it. As the Court accurately observed, *Santiago* held that "'parents are without authority to bind a minor child to an agreement to arbitrate' under traditional agency principles." *Tomlin*, 2026 WL 1412606, at *13 (quoting *Santiago*, 343 A.3d at 1015). The question the Court addressed was thus not whether *any* agreement can bind a minor, but whether a *parent's* agreement can bind a minor to *arbitrate*—and the Court took care to add that *Santiago* "did not hold that a parent cannot enter *any* contract on a minor's behalf." *Id.* at *15. Plaintiff's sweeping reformulation bears no resemblance to the question that the Court's Order resolved.

Plaintiff's second proposed question misfires in the same way. She asks the Court to certify whether *Santiago*'s holding "violates the Federal Arbitration Act." Pl.'s Br. at 1. But the portion

of the Court's Order addressing preemption answered a narrower question than the one Plaintiff poses. The Court held only that *Santiago*, "to the extent [it] would invalidate any arbitration agreement entered by a parent for their minor child's benefit, is preempted by the FAA." *Tomlin*, 2026 WL 1412606, at *15. That holding rested on an unbroken line of Supreme Court authority— *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), *Marmet Health Care Center, Inc. v. Brown*, 565 U.S. 530 (2012), and *Kindred Nursing Centers Ltd. Partnership v. Clark*, 581 U.S. 246 (2017)—which Plaintiff does not engage. More to the point, the preemption holding bears only on the *alternative* ground that M.B. is bound as a third-party beneficiary of the agreement Tomlin entered. *See Tomlin*, 2026 WL 1412606, at *14. It has no bearing on the Court's separate, antecedent finding that M.B. assented to the MSA directly. Reversing the preemption ruling would therefore leave the Microsoft Order standing based on M.B.'s own agreement.

Plaintiff's third question, addressing "whether a party['s] capacity to contract is a question of formation and thus, an issue for a court to decide, rather than an arbitrator," Pl.'s Br. at 1, fares no better. The reason the Court had to decide whether M.B.'s capacity was an issue of formation, as opposed to enforceability, is that Defendants Epic's and Roblox's agreements delegate enforceability to the arbitrator. *See Tomlin*, 2026 WL 1412606, at *9. Thus, the Court had to determine for those Defendants whether capacity was an issue of formation for the Court or an issue of enforceability for the arbitrator. In contrast, "Microsoft's MSA does not delegate [capacity] to the arbitrator." *Id.* at *11. The Court therefore reached Plaintiff's capacity argument as to Microsoft and found that under Pennsylvania law, minors like M.B. *can* form contracts and *cannot* disaffirm them while continuing to reap their benefits. *See id.* at *11–12. This outcome would be the same whether the issue was analyzed as a matter of formation or enforceability, and therefore Plaintiff's third proposed question cannot be controlling as to Microsoft.

Plaintiff's questions thus fail the first requirement of § 1292(b) twice over. They are not controlling, because the Microsoft Order rests on independent grounds—direct assent and non-disaffirmance—that no answer to these questions could disturb. And they are not the questions the Court decided, because each rewrites the Court's actual holding into something broader the Court declined to reach. Either failing defeats certification; together they are decisive. An "incorrect disposition" as to these questions would not "constitute reversible error" as to Microsoft, nor are they "serious to the conduct of the litigation." *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d at 705. That alone warrants denial.

**B.     Plaintiff Identifies No Substantial Ground for Difference of Opinion.**

Even if Plaintiff's questions were controlling (and they are not), she identifies no "substantial ground for difference of opinion" as to any of them. 28 U.S.C. § 1292(b). Such a ground "must arise out of genuine doubt as to the correct legal standard," and is ordinarily shown through "citation to numerous conflicting decisions on the same issue." *Tractenberg v. Citigroup Inc.*, 2011 WL 6747429, at *3 (E.D. Pa. Dec. 22, 2011). Plaintiff offers no such conflict, least of all on the grounds that independently decided Microsoft's Order, M.B.'s direct assent and non-disaffirmance.

Far from pointing to a litany of conflicting decisions or those reflecting substantial disagreement, Plaintiff shows no difference of opinion at all. While she claims that "courts within this circuit have diverged in their interpretation and application of the holding from [*Santiago*]," Pl.'s Br. at 4, Plaintiff identifies only a single, unpublished opinion that even discusses *Santiago*— *W.F. v. Camp Lohikan, Inc.*, 2026 WL 483644 (M.D. Pa. Feb. 20, 2026). While *Camp Lohikan* applied *Santiago*, it did so under completely different factual and legal circumstances that have no bearing on the Court's application here. There, the court held that under *Santiago*, a parent could not bind their minor child to a forum selection clause. *Camp Lohikan*, 2026 WL 483644, at *3.

6

*Camp Lohikan* has no sweeping statements about the enforceability of contracts involving minors generally; it only narrowly holds that *Santiago*'s "reasoning applies with equal force to the clause at issue here referring the matter to state court." *Id.* Critically, *Camp Lohikan* did not involve, let alone address, a minor's direct assent to arbitration, as the Court found here. Nor did it involve an arbitration agreement or mention the FAA or preemption in any way. Thus, *Camp Lohikan* did not disagree with this Court or even speak to any of the supposed questions identified by Plaintiff.

The other cases relied on by Plaintiff are equally inapposite. All were decided decades before *Santiago*, and plainly could not have addressed or applied it. *See generally Apicella v. Valley Forge Mil. Acad. & Junior Coll.*, 630 F. Supp. 20 (E.D. Pa. 1985); *Simmons by Grenell v. Parkette Nat. Gymnastic Training Ctr.*, 670 F. Supp. 140 (E.D. Pa. 1987); *Troshak v. Terminix Int'l Co., L.P.*, 1998 WL 401693 (E.D. Pa. July 2, 1998); *Com. ex rel. Rothman v. Rothman*, 223 A.2d 919 (Pa. Super. Ct. 1966). These cases predate *Concepcion* and its progeny, the controlling Supreme Court precedent the Court had to apply to determine whether *Santiago* was preempted by the FAA. Indeed, none so much as mentions FAA preemption. In short, these decisions can hardly be said to demonstrate grounds, let alone substantial grounds, for disagreement with the Court's decision.

And Plaintiff's final authority could not be less applicable. It is a decision from a different circuit that has nothing to do with *Santiago* or FAA preemption. *See Spahr v. Secco*, 330 F.3d 1266 (10th Cir. 2003). While *Spahr* analyzes whether capacity to contract is a question of formation or assent, it does so by applying federal law, not the Pennsylvania law that the Court must and did apply here. *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009) (holding that under the FAA, state law "is applicable to determine which contracts are binding under § 2 and enforceable under § 3"). This decision cannot constitute binding or even persuasive authority with

respect to the issues before the Court, and in no way conflicts with or demonstrates disagreement with its holding. *See Nevyas*, 2015 WL 4064629, at *4 (holding that authority from outside of the Third Circuit did not demonstrate "substantial grounds for difference of opinion").

None of the cases relied upon by Plaintiff demonstrates serious dispute as to any of these issues. On the contrary, recent authority in this circuit bolsters the Court's decision: another court applied similar reasoning in rejecting a different Pennsylvania rule imposing heightened restrictions on arbitration agreements. *See Swartz v. ESPN Inc.*, 2026 WL 1507403, at *6 (M.D. Pa. May 29, 2026) ("[T]he FAA preempts the Superior Court's heightened standard for browsewrap arbitration agreements because it holds certain arbitration agreements to a higher standard than other agreements."). Thus, Plaintiff cannot point to a single contrary case, let alone the "substantial" disagreement evidenced by "numerous conflicting decisions" that § 1292(b) requires. *Tractenberg*, 2011 WL 6747429, at *3. This too warrants denial.

### C.      Interlocutory Appeal Would Delay, Not Materially Advance, the Termination of the Litigation.

Finally, Plaintiff cannot satisfy the third requirement, which asks not whether an appeal would resolve some issue, but whether it "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Courts therefore ask "whether an appeal could eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense." *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d at 707. An appeal here would do none of these—for two reasons that compound. First, the appeal could not change the outcome. As shown above, the Order compelling M.B. to arbitrate with Microsoft also rests on M.B.'s own assent and non-disaffirmance, grounds untouched by any question Plaintiff raises. Even a complete victory on appeal for Plaintiff would leave M.B. bound to arbitrate the claims against Microsoft. An appeal that cannot alter the result cannot "eliminate

the need for a trial" or "simplify" anything; it can only delay the arbitration the parties are already headed to.

Second, certifying an appeal here would invert the policy Congress embedded into the FAA. An order compelling arbitration is, by default, an "interlocutory order that cannot be appealed." *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 268 (3d Cir. 2004); *see* 9 U.S.C. § 16(b)(2). That is because such a ruling "does not dispose of the case" but "merely suspend[s] the litigation" pending arbitration. *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 134 (3d Cir. 2014). Congress's "clear intent in the [FAA] was 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible,'" reflecting a "statutory policy . . . of rapid and unobstructed enforcement of arbitration agreements." *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22–23 (1983)). For that reason, the Third Circuit has explained that § 1292(b) is "generally not applicable in the arbitration context, because 'no irreparable harm will be done to either party by requiring arbitration without an interlocutory appeal.'" *Smith v. The Equitable*, 209 F.3d 268, 271 n.1 (3d Cir. 2000). An interlocutory appeal would do the opposite of what the FAA commands: it would keep in court a dispute the Court has already ordered out of it.

Plaintiff's own framing confirms the point. She argues that requiring the parties to arbitrate before she can challenge the Order would be "inefficient, costly, and burdensome." Pl.'s Br. at 9. But the appeal she proposes is what would impose needless inefficiency, cost, and burden: it would suspend a concluded arbitrability question that the Court correctly decided, run the parties through the Third Circuit, and return them to the very arbitration they could have likely completed in the meantime. Courts recognize that, in this setting, an appeal "has as much of a chance of prolonging

9

[the] litigation as it does of shortening it." *Crespo v. Skillsoft (US) LLC*, 2025 WL 3771056, at \*5 (D.N.J. Dec. 31, 2025) (denying certification of order compelling arbitration); *Smith v. Ostrander*, 2023 WL 2497859, at \*10–11 (D.V.I. Mar. 14, 2023) (same).  For that reason, "the Third Circuit has expressed caution against 'routine interlocutory appellate consideration of stays pending arbitration.'" *Car Sense, Inc. v. Signet Fin. Grp., Inc.*, 2012 WL 13014940, at \*1 (E.D. Pa. Nov. 1, 2012) (quoting *Commonwealth Ins. Co.*, 846 F.2d at 199).

In sum, an immediate appeal would delay rather than advance the termination of this litigation, frustrating Congress's express purpose under the FAA.  Plaintiff asks the Court to set aside that purpose, along with Third Circuit and Supreme Court precedent, so that she may air her disagreement with non-dispositive questions sooner.  Section 1292(b) does not permit it.  Plaintiff fails this requirement as she fails the others, and any one failure is fatal to certification.

## CONCLUSION

For these reasons, Plaintiff meets none of § 1292(b)'s requirements.  Microsoft respectfully requests that the Court deny Plaintiff's Motion so that the parties may proceed to the arbitration the MSA and the Court's Order require.

DATED: June 15, 2026

Respectfully submitted,

*/s/ Sozi Pedro Tulante*

Sozi Pedro Tulante (PA ID 202579)
Julia Chapman (PA ID 315959)
Dechert LLP, 2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: 215-994-2090
sozi.tulante@dechert.com
julia.chapman@dechert.com

*Attorneys for Defendant Microsoft Corporation*

10

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 15th day of June, 2026, a copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system.

                                        */s/ Sozi Pedro Tulante*
                                        Sozi Pedro Tulante