# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROCHELLE TOMLIN, as Parent and Natural Guardian of M.B., a minor,<br><br>    Plaintiff,<br><br>        vs.<br><br>ROBLOX CORPORATION, EPIC GAMES, INC., MICROSOFT CORPORATION, AND JOHN DOES 1-50,<br><br>    Defendants. | Case No. 2:25-cv-04301-MRP<br><br>Hon. Mia Roberts Perez |

## DEFENDANT EPIC GAMES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY FOR APPEAL THE ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION

**INTRODUCTION**

Defendant Epic Games, Inc. ("Epic") joins in the arguments made by Roblox Corporation ("Roblox") and Microsoft Corporation ("Microsoft") opposing Plaintiff Rochelle Tomlin's motion to certify the Court's May 20, 2026 Order (the "Order") for interlocutory appeal under 28 U.S.C. § 1292(b), and submits this separate brief to address issues specific to Epic. Section 1292(b) allows "district courts to bring a very narrow class of non-final orders to the attention of the courts of appeal for possible immediate review." *Babyage.com, Inc. v. Toys "R" Us, Inc.*, 2008 WL 2746302, at *1 (E.D. Pa. July 15, 2008). In reviewing motions for certification for interlocutory appeal, "[a] district court should be mindful of the strong policy against piecemeal appeals when exercising its discretion," and limit certification to "'exceptional' cases." *Koken v. Viad Corp.*, 2004 WL 1240672, at *1 (E.D. Pa. May 11, 2004). This is not one of them.

The Motion identifies three purported controlling questions of law for certification: (1) "whether under Pennsylvania law, any contract, other than one for necessities, that is not otherwise supervised and approved by a court, binds a minor"; (2) "whether such a rule [regarding minors' contracts] violates the Federal Arbitration Act"; and (3) "whether [determining if] a party has the capacity to contract is a question of formation and thus, an issue for a court to decide." Mot. at 1. None of these presents a controlling question of law as to which there are substantial grounds for difference of opinion that will materially advance the ultimate termination of the litigation with respect to Epic. *See* 28 U.S.C. § 1292(b).

I.  *Santiago* **Has No Bearing on the Court's Order Compelling Arbitration as to Epic**

The Motion centers its request for an interlocutory appeal on the Court's conclusion that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, preempts the Pennsylvania Supreme Court's decision in *Santiago v. Philly Trampoline Park, LLC* to the extent *Santiago* found that "parents are without authority to bind a minor child to an agreement to arbitrate." 343 A.3d 995,

1015 (Pa. 2025); *see Tomlin v. Roblox Corp.*, 2026 WL 1412606, at \*13-15 (E.D. Pa. May 20, 2026). As Roblox and Microsoft set forth in their oppositions to the Motion, the Court's conclusion that *Santiago* is preempted by the FAA is not a controlling question of law as to which there is a substantial ground for difference of opinion.

But even if the Motion had identified a controlling question of law as to which there exists a substantial ground for difference of opinion, the Motion fails for an independent reason with respect to Epic: the Court's conclusions with respect to *Santiago* have no bearing on the Court's analysis compelling Plaintiff's claims against Epic to arbitration. *See Tomlin*, 2026 WL 1412606, at \*13 (analyzing *Santiago* in the context of Roblox's and Microsoft's motions to compel arbitration, but not Epic's). The Court never reached the *Santiago* question with respect to Epic's motion to compel arbitration because it did not need to. Rather, because Plaintiff did "not actually dispute" that M.B. himself agreed to Epic's *Fortnite* End User License Agreement ("EULA"), the Court properly concluded that "a contract was formed between M.B. and Epic"—i.e., the minor themself was a party to the agreement containing the arbitration clause. *See Tomlin*, 2026 WL 1412606, at \*6-7. *Santiago*, which addresses whether a *parent's* agreement to arbitrate binds a minor, was irrelevant to that conclusion. Even if an interlocutory appeal were permitted here, its outcome would have no bearing on the Court's decision granting Epic's motion to compel.

Thus, even if the Court's analysis of *Santiago* presented a controlling question of law that presents a substantial ground for difference of opinion (it does not), an interlocutory appeal on that question cannot "materially advance the ultimate termination of the litigation" with respect to Epic. *Koken*, 2004 WL 1240672, at \*1.

## II.    It Is Black-Letter Law that Minors Can Enter Contracts that Are Voidable, Not Void

Nor is there a substantial ground for difference of opinion on the only question relevant to Epic—whether M.B. can bind himself to arbitration. On a motion to certify under Section 1292(b),

"[t]he moving party has the burden of showing there is a substantial ground for difference of [judicial] opinion." *JPMorgan Chase Bank, N.A. v. DeNenno*, 2025 WL 2933842, at *1 n.1 (E.D. Pa. Apr. 28, 2025). This requires "genuine doubt or conflicting precedent as to the correct legal standard applied in the orders at issue." *Id.* (citations omitted). When, as here, a party seeking interlocutory appeal has "not cited to any cases that conflict with or create doubt regarding the legal standard the Court applied," certification of an order pursuant to § 1292(b) is not appropriate. *Id.*

As the Court correctly found in its Order, contracts entered into by minors are "voidable, *not* void." *Tomlin v. Roblox Corp.*, 2026 WL 1412606, at *9 (E.D. Pa. May 20, 2026) (emphasis in the original). This is not a controversial proposition. The Third Circuit held three decades ago, relying on a Pennsylvania Supreme Court case from 1932, that "[c]ontracts of a minor, other than contracts for necessities, are voidable by the minor, not void." *Aetna Cas. & Sur. Co. v. Duncan*, 972 F.2d 523, 526 (3d Cir. 1992) (citing *Campbell v. Sears Roebuck & Co.*, 161 A. 310, 312 (Pa. 1932) (referring to minor's contract as "voidable" and "subject to ratification")). This black-letter law was recently affirmed by two Courts of Appeals that relied on this critical distinction to hold that when a minor agrees to arbitrate and to delegate questions of arbitrability to the arbitrator, defenses based on youth are subject to arbitration. *See K.F.C. v. Snap Inc.*, 29 F.4th 835, 838 (7th Cir. 2022) ("As long as state law permits a child to ratify a contract, youth must be a defense rather than an obstacle to a contract's formation, and as a defense it goes to the arbitrator."); *accord In re StockX Cust. Data Sec. Breach Litig.*, 19 F.4th 873, 883-84 (6th Cir. 2021) (an "infancy argument does not concern the formation or existence of a contract"; it is "a matter of enforceability covered under the delegation provision").

Moreover, the many courts that preceded this Court in compelling substantively identical claims against Epic to arbitration reached the same conclusion. In *Roberts v. Activision Blizzard, Inc.*, for example, the minor plaintiffs argued that they "[were] not competent to assent to the arbitration agreement" because of their ages and because their "alleged video game addiction also diminished [their] capacity and competency to contract." 2025 WL 3260503, at *6 (N.D. Ga. May 30, 2025). The court correctly held that those challenges "go to the voidability of a contract rather than its validity," and because the EULA delegates enforceability challenges to be decided in arbitration, the plaintiffs' claims about disaffirmance and the effects of their alleged addiction "must be assessed by the arbitrator and do not affect the Court's determination that a contract exists here." *Id.*; *see also Sayers v. Activision Blizzard*, 2025 WL 2553735, at *12 (S.D. Ga. Sept. 4, 2025) (also noting that "[e]ven assuming it raises issues that are not delegated to an arbitrator, . . . [n]o law supports Plaintiff's theory that an alleged video-game addiction can preempt parties from forming a contract"); *Orellana v. Roblox Corp.*, 769 F. Supp. 3d 1273, 1284 (M.D. Fla. 2025) (same, citing cases).[1]

Ignoring this overwhelming authority, Plaintiff cites a single case, *W.F. v. Camp Lohikan, Inc.*, 2026 WL 483644 (M.D. Pa. Feb. 20, 2026), which Plaintiff contends "treated the issue of whether the minor could enter into a contract as a question of contract formation." Mot. at 8. The

---

[1] Legions of cases are in accord. *See Johnson v. Activision Blizzard, Inc.*, 2025 WL 679033, at *3 (E.D. Ark. Mar. 3, 2025) (same); *Angelilli v. Activision Blizzard, Inc.*, 2025 WL 524276, at *6 (N.D. Ill. Feb. 18, 2025) (same, also noting that "if Defendant's products caused [the plaintiff's] mental illness, then [his] mental health issues did not exist at the time he accepted the agreements to begin using the products"); *Courtright v. Epic Games, Inc.*, 766 F. Supp. 3d 873, 889 (W.D. Mo. 2025) (same); *Antonetti v. Activision Blizzard*, 764 F. Supp. 3d 1309, 1322 (N.D. Ga. Jan. 31, 2025) (same); *see also Ziboukh v. Whaleco, Inc.*, 795 F. Supp. 3d 349, 397 (E.D.N.Y. 2025) (where minors "created and used [online shopping] accounts and received the benefits of [those] services," they cannot claim that they "did not agree to the Terms or the arbitration agreement on the basis of their age alone").

issue in *W.F.*, however, was not one of contract formation. *Id.* at *3. It was whether an agreement a father signed when he sent his minor son to sleepaway camp was binding on the minor such that the agreement's forum-selection clause required the minor's claims to be brought in Wayne County, Pennsylvania. *Id.* at *2-3. *W.F.* has nothing to do with the question of whether a minor can form a contract or whether a minor's assertion of the right to disaffirm raises an issue of contract formation rather than enforceability. On those questions—the ones actually presented here—Plaintiff cites no cases that reached a conclusion different from this Court.

Nor does Plaintiff's remaining authority help her. Plaintiff invokes *Spahr v. Secco*, 330 F.3d 1266 (10th Cir. 2003), for the proposition that capacity to contract is always a question of formation for the court. Mot. at 8. But *Spahr* holds no such thing. It holds that capacity to contract becomes a gateway question for the court only where the parties have not clearly and unmistakably delegated questions of arbitrability to the arbitrator. *Id.* at 1269-70. The agreement in *Spahr* contained only general language and supplied no such clear and unmistakable evidence of delegation. *Id.* Epic's EULA is different: as this Court found, it clearly delegates questions of arbitrability—including challenges to enforceability—to the arbitrator. *Tomlin*, 2026 WL 1412606, at *9-10. Accordingly, because M.B. agreed to the EULA, any defense to the EULA's enforcement premised on youth or incapacity is for the arbitrator, not this Court. *See K.F.C.*, 29 F.4th 835 at 838.

Thus, there is no substantial ground for difference of opinion. Minors can form contracts, subject to their right of disaffirmance, which renders their contracts voidable but not void. The EULA's delegation clause requires that defenses to enforceability be arbitrated. As such, Plaintiff's defenses to enforceability must be raised, if at all, in arbitration.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion to certify the Order for interlocutory appeal.

DATED: June 15, 2026                  FAEGRE DRINKER BIDDLE & REATH LLP


By:  */s/ Jeffrey S. Jacobson*
Jeffrey S. Jacobson, Bar No. 78251
1177 Avenue of the Americas, 43rd Floor
New York, NY  10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
jeffrey.jacobson@faegredrinker.com

Jonathan Boughrum
Edward J. DeLuca
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
jonathan.boughrum@faegredrinker.com
edward.deluca@faegredrinker.com


HUESTON HENNIGAN LLP

Moez Kaba (*pro hac vice*)
Allison Libeu (*pro hac vice*)
Padraic Foran (*pro hac vice*)
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:(213) 788-4340
Facsimile: (888) 775-0898

*Attorneys for Defendant Epic Games, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of June, 2026, a copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system.

*/s/ Jeffrey S. Jacobson*

Jeffrey S. Jacobson
