**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ROCHELLE TOMLIN, as PARENT and NATURAL GUARDIAN of M.B., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>ROBLOX CORPORATION, EPIC GAMES, INC., MICROSOFT CORPORATION, and JOHN DOES 1-50,<br><br>Defendants. | Case No.: 2:25-cv-04301<br><br>Hon. Mia Roberts Perez |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF THE MOTION TO CERTIFY THE ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION <u>FOR APPEAL</u>**

**TABLE OF CONTENTS**

**Page(s)**

I.    ARGUMENT ................................................................................................................. 1

    A.    Whether the Order Properly Concluded M.B. is Bound to Each Arbitration
        Agreement is a Controlling Issue Impacting All Defendants. ................................ 1

    B.    The Order Conflicts with Pennsylvania Supreme Court Case Law, Demonstrating
        Grounds for a Difference of Opinion. .................................................................... 3

    C.    Allowing An Appeal Would Advance, Not Delay, the Resolution of This Matter
        and There Are Exceptional Circumstances Present Warranting Appeal. ............... 5

II.   CONCLUSION .............................................................................................................. 6

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

No table of authorities entries found.

Plaintiff, Rochelle Tomlin, as parent and natural guardian of M.B., a minor, by and through her counsel, hereby replies in further support of her Motion to Certify the Order Granting Defendants' Motion to Compel Arbitration for Appeal (ECF No. 73-1) (the "Motion") and in response to the oppositions of defendant Microsoft Corporation ("Microsoft") (the "Microsoft Opposition") (ECF No. 74), defendant Roblox Corporation ("Roblox") (the "Roblox Opposition") (ECF No. 75), and defendant Epic Games, Inc. ("Epic") (the "Epic Opposition") (ECF No. 77) (collectively referred to as the "Oppositions").

## I.  ARGUMENT[1]

### A. Whether the Order Properly Concluded M.B. is Bound to Each Arbitration Agreement is a Controlling Issue Impacting All Defendants.

Defendants' argument that the Order does not involve a controlling question of law is simply incorrect. *See* Microsoft Opp. at 3-6; Roblox Opp. at 4-5; Epic Opp. at 2-3.  In the Motion, Plaintiff identified three controlling questions of law: "(1) whether under Pennsylvania law, any contract, other than one for necessities, that is not otherwise supervised and approved by a court, binds a minor; (2) whether such a rule violates the FAA; and (3) whether a party has the capacity to contract is a question of formation and thus, an issue for a court to decide, rather than an arbitrator."  Motion at 4.

At a minimum, it is indisputable that whether, under Pennsylvania law, a parent can bind a minor to an arbitration agreement is pivotal to this litigation as to each defendant.  The Order found that only M.B.'s parent agreed to the RTOU (Order at 6-8), that M.B. and M.B.'s parent agreed to the EULA (Order at 4-6), and that M.B. agreed to the MSA (Order at 8-9), despite Plaintiff's factual disputes to the contrary.  *See* Pl.'s Opp. to Roblox's Mot. to Compel Arbitration at 5 ("Defendant

---

[1]  The definitions used in Plaintiff's Motion are incorporated herein and not restated here for the sake of brevity.

has failed to provide **any** adequate evidence that M.B., his parents, or any other specific person, for that matter, agreed to its Terms of Use."); Pl.'s Opp. to Epic's Mot. to Compel Arbitration at 4 ("Defendant has failed to provide **any** adequate evidence that M.B., his parents, or any other specific person, for that matter, agreed to its EULA."); Pl.'s Opp. to Microsoft's Mot. to Compel Arbitration at 5 ("Defendant has failed to provide **any** adequate evidence that M.B., his parents, or any other specific person, for that matter, agreed to its MSA."). Even Roblox admits that discovery as to who, if anyone, assented to the controlling agreements is necessary. Roblox Opp. at 5.

Thus, it is still not clear who assented to each arbitration agreement at issue and thus, if a parent cannot bind a minor to an arbitration agreement—as held by the Pennsylvania Supreme Court in *Santiago v. Philly Trampoline Park, LLC*, 343 A.3d 995 (Pa. 2025)—the outcomes of each motion to compel arbitration may change, constituting reversible error on appeal and thus, a controlling question of law. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754-55 (3d Cir. 1974) ("[A] controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal.").

Roblox's argument that a controlling question of law "is not even presented here" because "[t]he question is not what Pennsylvania law specifies, but whether that law is preempted by the FAA" is illogical and incomprehensible and should be disregarded as such. *See* Roblox Opp. at 4. Similarly, Microsoft's argument that Plaintiff failed to identify a controlling question of law because Plaintiff phrased the proposed question of law as encompassing "any contract," rather than solely an agreement to arbitrate is likewise an exercise in semantics as Plaintiff has clearly identified that the issue presented is whether M.B.'s parents had the authority to bind M.B. to an agreement to arbitrate. *See* Microsoft Opp. at 4.

2

Moreover, Defendants ignore the third controlling question of law identified by Plaintiff—"whether a party has the capacity to contract is a question of formation and thus, an issue for a court to decide, rather than an arbitrator." Motion at 4. This question of law is indisputably serious to the conduct of this litigation as to Roblox and Epic in light of the delegation clauses in the RTOU and EULA. Indeed, if the Third Circuit were to find that the question of a party's capacity to contract is a question of formation for the court to decide, not an arbitrator, then the Order would be reversible error as to Roblox and Epic and thus, a controlling question of law. *See Florence v. Bd. of Chosen Freeholders of the Cnty. of Burlington*, 657 F. Supp. 2d 504, 508 (D. N.J. 2009) (finding a "controlling question of law" because "[i]f, for example, the Third Circuit rules contrary to this Court's decision . . . then this Court would have necessarily committed reversible error.").

### B. The Order Conflicts with Pennsylvania Supreme Court Case Law, Demonstrating Grounds for a Difference of Opinion.

Defendants' Oppositions all ignore one simple point—that the Order conflicts with holdings of the Pennsylvania Supreme Court as to the application of Pennsylvania law. This alone demonstrates that different courts have issued conflicting and contradictory opinions. Preventing materially different outcomes in one court versus another on the same question of substantive law is precisely the purpose of allowing such an interlocutory appeal. It is axiomatic that a litigant should be afforded the same rights in state versus federal court and that there is a need to apply Pennsylvania law consistently regardless of the forum. This Court need not look further than the holding in *Santiago* to find that there is substantial ground for a difference of opinion. *See Kolbeck v. Gen. Motors Corp.*, 702 F. Supp. 532, 542 (E.D. Pa. 1989).

Indeed, whether the Pennsylvania Supreme Court's decision in *Santiago* is pre-empted by the FAA is a controlling question for appeal. Roblox's argument that the Order does not conflict with Pennsylvania law because this Court agrees with the holding but finds that the FAA pre-empts

3

the ruling seeks to mislead this court in semantics and ignores the ultimate purpose of allowing an interlocutory appeal. The *Santiago* decision concerned a forum selection clause requiring arbitration. Thus, inherent in the Court's decision is its reasoning that such a holding is not pre-empted by the FAA.

Rather than acknowledge that the Order conflicts with *Santiago*, the Oppositions argue that the other cases cited in Plaintiff's Motion are distinguishable from this action and therefore, fail to demonstrate a difference of opinion sufficient to warrant an interlocutory appeal. *See* Microsoft Opp. at 3-6; Roblox Opp. at 5-7; Epic Opp. at 6-8.

Microsoft argues that the cases relied on by Plaintiff are "inapposite," arguing that these cases were "decided decades before *Santiago*, and plainly could not have addressed or applied it." Microsoft Opp. at 7. However, *Santiago* and the progeny of cases cited in Plaintiff's Motion that pre-date the decision make clear that Pennsylvania law treats a minor's right to bring a cause of action as a property right that a parent cannot waive absent court approval. *See* Motion at 4-8. For this reason, *W.F. v. Camp Lohikan, Inc.*, 2026 U.S. Dist. LEXIS 35259 (M.D. Pa. 2026) is not distinguishable from the case at bar. The *Camp Lohikan* court held that an agreement signed by a minor's father that included a forum selection clause was not enforceable against the minor. *Id.* at *4-5. This is the same reasoning that was relied upon in *Santiago*. In fact, the *Camp Lohikan* court stressed the broad applicability of *Santiago*, in clear contrast to the Order's finding that Santiago targets arbitration agreements unequally as compared to any other type of agreement. *Id.* (quoting *Santiago*, 343 A.3d at 1015) ("the Pennsylvania Supreme Court made clear, '[p]arents, as natural guardians, do not have an inherent authority to [i]ntermeddle with the property of their minor children, which includes legal causes of action.'").

Additionally, Defendants' reliance upon case law from other jurisdictions is wholly misplaced. *See* Epic Opp. at 5. It is irrelevant how jurisdictions other than Pennsylvania decide the issue of enforcing an arbitration agreement against a minor. The issue before this Court is the application of Pennsylvania law.

Additionally, to the extent Defendants argue that Plaintiff's reliance upon *Spahr v. Secco, 330 F.3d 1266, 1273 (10th Cir. 2003)* is misplaced because it is non-binding, they ignore that the *Camp Lohikan* court also treated the issue of whether a minor could enter into a contract as a question of contract formation for a court to decide, not an arbitrator. *Camp Lohikan, Inc.*, 2026 U.S. Dist. LEXIS 35259 at *7. Therefore, even if this Court were to disregard the holding in *Secco*, the *Camp Lohikan* decision concerned Pennsylvania law and is clearly applicable here. As the Order instead treats the issue as a question of enforceability that is to be determined by an arbitrator, this further demonstrates a divergence in substantive law and the unequal treatment of litigants. *See* Order at 16-18.

Finally, Microsoft's reliance upon *Swartz v. ESPN Inc.*, 2026 WL 1507403, at *6 (M.D. Pa. May 29, 2026) is misplaced as it has no applicability to the case at bar. *Swartz* did not address whether a parent can bind a minor child to a contract, which is longstanding policy in Pennsylvania. *Swartz* has no bearing on whether Plaintiff has identified a difference of opinion sufficient to warrant the interlocutory appeal.

### C. Allowing An Appeal Would Advance, Not Delay, the Resolution of This Matter and There Are Exceptional Circumstances Present Warranting Appeal.

In their oppositions, Defendants argue that allowing an interlocutory appeal of the Order would not materially advance the termination of this litigation because each defendant asserts that an appeal would not change the outcome of the Order as to it. *See* Microsoft Opp. at 8; Roblox Opp. at 8; Epic Opp. at 3. However, as discussed *infra* Section A, discovery is necessary to

determine the disputed factual issues as to who, if anyone, agreed to the controlling agreements, and thus, *Santiago* may apply to all Defendants, and if bound, the Order's treatment of the delegation clauses directly impacts Epic and Roblox. *See infra* Section A. Therefore, Defendants' circular arguments fail.

Moreover, Roblox's assertion that this is not an extraordinary case warranting this Court's discretion to certify the Order for interlocutory appeal is utterly without merit. *See* Roblox Opp. at 8. Indeed, whether the FAA pre-empts the Pennsylvania precedent reflected in *Santiago* is an important question for the Third Circuit Court of Appeals as the outcome will impact not only other videogame addiction cases pending in Pennsylvania, but endless future cases involving the substantive rights of minors under Pennsylvania law.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court certify its May 20, 2026 Order for interlocutory appeal and grant such other and further relief as it deems appropriate.

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

/s/Adam J. Gomez
Adam J. Gomez (PA Bar # 317145)
Tudor I. Farcas (PA Bar # 316541)
Garrett A. Gittler (PA Bar # 325915)
123 Justison Street, 6th Floor
Wilmington, DE 19801
Tel: 302-622-7000
agomez@gelaw.com
tfarcas@gelaw.com
ggittler@gelaw.com

*Attorneys for Plaintiff*

Date: June 22, 2026

6