

**DECHERT**

**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
+1 215 994 4000  Main
+1 215 994 2222  Fax

---

**Sozi Tulante**
*Partner*

sozi.tulante@dechert.com
+1 215 994 2020  Direct
+1 215 994 2222  Fax

August 7, 2026

**VIA CM/ECF**

Honorable Mia Roberts Perez
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Re:    Response to Plaintiff's Notice of Supplemental Authority – *Tomlin v. Roblox Corp., et al.*,
       2:25-cv-04301-MRP

Dear Judge Perez:

I write on behalf of Defendant Microsoft Corporation to submit this response to Plaintiff's August 4, 2026 Notice of Supplemental Authority ("Notice") (Dkt. No. 79) regarding *Miller v. Festival Fun Parks, LLC*, 2026 WL 2199005 (Pa. Super. Ct. July 30, 2026) (non-precedential). Plaintiff cites *Miller* in an effort to show a "substantial ground for difference of opinion" relating to this Court's holding that the rule in *Santiago v. Philly Trampoline Park, LLC*, 343 A.3d 995 (Pa. 2025) offends the Federal Arbitration Act.  Notice at 2.  However, *Miller* has no bearing on Plaintiff's motion to certify the Court's Order for appeal for two reasons.

*First*, *Miller*, as Plaintiff correctly describes it, is "a non-precedential memorandum" from the Pennsylvania Superior Court that does not bind other Superior Court panels, let alone this Court, *see* Pa. Super. Ct. O.P. 65.37; Pa. R.A.P. 126(b), and so cannot supply the authoritative, conflicting authority required to show "substantial ground for difference of opinion" under 28 U.S.C. § 1292(b).  *See Karlo v. Pittsburgh Glass Works, LLC*, 2014 WL 12539666, at \*1 (W.D. Pa. July 3, 2014) (substantial ground "must arise out of doubt as to the correct legal standard, such as conflicting precedent, the absence of controlling law, or complex statutory interpretation" (quotation omitted)); *Pac. Emps. Ins. Co. v. Glob. Reinsurance Corp. of Am.*, 2010 WL 2376131, at \*9 & n.4 (E.D. Pa. June 9, 2010) (rejecting reliance on "***one*** lower court case," "cursory dicta," a "dissent," and "secondary authorities" as insufficient to establish substantial ground); *Oyster v. Johns-Manville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983) (movant must "adduce a sufficient number of 'conflicting and contradictory opinions'" (quotation omitted)).

*Second*, to create a "substantial ground for difference of opinion," *Miller* must address the same legal question on which the movant seeks certification.  A ruling on a different—even a



Honorable Mia Roberts Perez
August 7, 2026
Page 2

closely related—issue is legally insufficient. *See Pac. Emp'rs Ins. Co.*, 2010 WL 2376131 at *9 ("In order to show that a substantial ground for difference of opinion exists, a moving party must demonstrate that the court applied one legal standard and that other courts have substantially differed in applying that standard." (quoting *Schnelling v. KPMG LLP*, 2006 WL 1540815, *3 (D.N.J. 2006)). As Plaintiff concedes, the question *Miller* resolved is not the question this Court decided or that Plaintiff sought to certify. Notice at 2 ("*Miller* concerns online assent rather than a parent's authority to bind a minor . . ."). *Miller*'s analysis of whether its conspicuous notice requirements violate the FAA, even if correct, says nothing about whether this Court's considered application of the FAA to *Santiago*'s entirely separate parental assent rule was correct.

Thank you for consideration of this response.

Respectfully,

Sozi Tulante
*Counsel for Defendant Microsoft Corporation*

*Enclosures*

*CC:  Counsel of Record, via ECF*



Honorable Mia Roberts Perez
August 7, 2026
Page 3

### CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2026, a copy of the foregoing document was served upon all counsel of record via the court's electronic filing system.

*/s/ Sozi Pedro Tulante*
Sozi Pedro Tulante